■ In the Matter of LOEVY & LOEVY, Respondent, v NEW YORK CITY POLICE DEPARTMENT, Appellant. [33 NYS3d 185]—

Order, Supreme Court, New York County (Doris Ling-Cohan,

J.), entered January 23, 2015, which granted the petition seeking to compel respondent New York City Police Department (NYPD) to disclose all documents pertaining to an unsolved homicide discovered on November 20, 1987, pursuant to the Freedom of Information Law (FOIL [Public Officers Law § 84 *et seq.*]), to the extent of, among other things, directing NYPD to disclose all documents to a special referee for an in camera review to determine whether any documents or photographs reveal certain information that is exempt under Public Officers Law § 87 (2) (a), (b) and (e) (iii), unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed. The Clerk is directed to enter judgment accordingly.

Although no appeal lies as of right from this nonfinal order in an article 78 proceeding (CPLR 5701 [b] [1]; *Matter of City of Newark v Law Dept. of City of N.Y.*, 8 AD3d 152, 153 [1st Dept 2004]), we grant leave to appeal nostra sponte because the appeal raises important, substantive issues (*see Matter of Exxon Corp. v Board of Stds. & Appeals of City of N.Y.*, 128 AD2d 289, 293 n 3 [1st Dept 1987], *lv denied* 70 NY2d 614 [1988]; *see also* CPLR 5701 [c]).

NYPD properly withheld the requested materials pursuant to the exemption to FOIL for documents that "are compiled for law enforcement purposes and which, if disclosed, would . . . interfere with law enforcement investigations" (Public Officers Law § 87 [2] [e] [i]). NYPD met its burden of "identify[ing] the generic kinds of documents for which the exemption is claimed, and the generic risks posed by disclosure of these categories of documents" (*Matter of Lesher v Hynes*, 19 NY3d 57, 67 [2012]). In particular, NYPD submitted an affidavit by a detective averring that he was handling an active, ongoing investigation into the homicide, and had recently pursued potential leads. The detective's affidavit established that disclosure of the records could interfere with the active investigation by, among other things, leading to witness tampering or enabling the perpetrator to evade detection. Given the foregoing determination, we need not reach the other exemptions cited by NYPD. Concur—Mazzarelli, J.P., Richter, Manzanet-Daniels and Kahn, JJ.