Matter of Free Mkt. Envtl. Law Clinic v Attorney Gen. of N.Y. (2018 NY Slip Op 01542)





Matter of Free Mkt. Envtl. Law Clinic v Attorney Gen. of N.Y.


2018 NY Slip Op 01542


Decided on March 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 8, 2018

Renwick, J.P., Richter, Andrias, Kapnick, Kahn, JJ.


5927 101759/16

[*1]In re Free Market Environmental Law Clinic, et al., Petitioners-Appellants,
v
The Attorney General of New York, Respondent-Respondent.


Law Office of Francis Menton, New York (Francis Menton of counsel), for appellants.
Eric T. Schneiderman, Attorney General, New York (Linda Fang of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered May 22, 2017, denying the petition to, inter alia, compel respondent, pursuant to the Freedom of Information Law, to produce all records pertaining to a February 2015 meeting between respondent and representatives of nonparty Eco-Accountability and October and November 2015 meetings between respondent and representatives of nonparty Fahr LLC, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondent met its burden of showing that the records withheld were compiled for law-enforcement purposes (see Matter of Lesher v Hynes, 19 NY3d 57, 67 [2012]; Matter of Loevy & Loevy v New York City Police Dept., 139 AD3d 598, 599 [1st Dept 2016]; Public Officers Law § 87[2][e][I]). Given respondent's broad investigatory powers (see People v Grasso, 54 AD3d 180, 204 [1st Dept 2008]), we decline to question to what extent, if any, respondent's decision to initiate the investigation to which the subject meetings were related was motivated by political considerations (see People v Bunge Corp., 25 NY2d 91, 97-98 [1969]; Salnikova v Cuomo, 93 AD3d 445 [1st Dept 2012], lv denied 19 NY3d 813 [2012]).
Supreme Court did not abuse its discretion in declining to consider petitioners' postargument submissions (see e.g. Foitl v G.A.F. Corp., 64 NY2d 911, 913 [1985]).
In view of the foregoing, we need not consider whether some of the documents were also exempt from production as intra-agency materials (Public Officers Law § 87[2][g]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 8, 2018
CLERK