Matter of Judicial Watch, Inc. v City of New York (2019 NY Slip Op 08966)





Matter of Judicial Watch, Inc. v City of New York


2019 NY Slip Op 08966


Decided on December 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 17, 2019

Gische, J.P., Mazzarelli, Singh, Moulton, JJ.


160286/17 10583A 10583

[*1] In re Judicial Watch, Inc., Petitioner-Appellant,
v
City of New York, et al., Respondents-Respondents.


The Law Offices of Neal Brickman, P.C., New York (Ethan Leonard of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondents.



Judgment, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about August 30, 2018, insofar as appealed from as limited by the briefs, denying so much of the petition as sought to compel respondents to disclose records pertaining to an unsolved 1972 homicide pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about May 11, 2018, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Respondents properly withheld the requested materials pursuant to the exemption to FOIL for documents that "are compiled for law enforcement purposes and which, if disclosed, would . . . interfere with law enforcement investigations" (Public Officers Law § 87[2][e][i]). They "identif[ied] the generic kinds of documents for which the exemption is claimed, and the generic risks posed by disclosure of these categories of documents" (Matter of Lesher v Hynes, 19 NY3d 57, 67 [2012]). Respondents submitted an affidavit by a police captain setting forth information obtained from the detective leading an active, ongoing investigation into the homicide, which included receiving tips from informants and conducting interviews of potential witnesses (see Matter of Loevy & Loevy v New York City Police Dept., 139 AD3d 598 [1st Dept 2016]). Petitioner's submission of an affidavit by a retired detective who had previously participated in investigating the case and who set forth generalized hearsay statements by others about the investigation does not present a basis for rejecting the captain's affidavit as to the ongoing investigation. Respondents established that disclosing the records sought could interfere with the investigation by compromising the apprehension of perpetrators (see Matter of Lesher, 19 NY3d at 67-68; Matter of Loevy & Loevy, 139 AD3d at 599) or deterring witnesses from cooperating with the police (see Matter of Gould v New York City Police Dept., 89 NY2d 267, 277-278 [1996]).
It does not avail petitioner to suggest that redactions could minimize such risks. Redactions to records sought under FOIL are available only under the personal privacy exemption (Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d 556, 569 [2018]; Public Officers Law § 87[2][b]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 17, 2019
CLERK