Matter of Century Indem. Co. v Office of the N.Y. Attorney Gen.

2026 NY Slip Op 02328

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Century Indemnity Company, Petitioner-Appellant,

v

Office of the New York Attorney General, Respondent-Respondent.

Decided and Entered: April 16, 2026

Index No. 158884/24|Appeal No. 6389|Case No. 2025-01933|

Before: Moulton, J.P., Scarpulla, Shulman, Rodriguez, Michael, JJ.

Faegre Drinker Biddle & Reath LLP, New York (Avi Schick of counsel), for appellant.

Letitia James, Attorney General State of New York (Anthony R. Raduazo of counsel), for respondent.

[*1]

Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about February 21, 2025, which denied the petition challenging the denial by respondent Office of the New York Attorney General (OAG) of its Freedom of Information Law (FOIL) request dated August 2, 2024, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

This proceeding arises from petitioner Century Indemnity Company's attempt to obtain records related to OAG's investigation of the Diocese of Brooklyn, one of the eight Roman Catholic Church dioceses incorporated under Religious Corporations Law § 15 in New York State. In September 2018, OAG launched an investigation into the Roman Catholic Church in New York State, issuing subpoenas to each of the eight dioceses for records related to their institutional response to allegations of sexual abuse against clergy members and other dioceses employees. The OAG subsequently reached settlements with the Dioceses of Brooklyn and Buffalo. Petitioner then submitted a FOIL request to OAG generally seeking records related to OAG's investigation of the Brooklyn Diocese, which request the OAG denied.

The court below correctly found that OAG was permitted to withhold the requested materials under the exemption for documents that "are compiled for law enforcement purposes and which, if disclosed, would . . . interfere with law enforcement investigations" (Public Officers Law § 87[2][e][i]). While the OAG reached a settlement with the Brooklyn Diocese and therefore was no longer investigating that diocese, its investigations into six of the other eight dioceses in New York State remained open. Although the law enforcement exemption "ceases to apply after enforcement investigations and any ensuing judicial proceedings have run their course," the exemption may be claimed in an "unusual circumstance such as the prospect that disclosure might compromise a related case" (Matter of Lesher v Hynes, 19 NY3d 57, 68 [2012]). The OAG's continued investigation of other Roman Catholic dioceses presents such a circumstance.

[*2]

Contrary to petitioner's contentions, OAG was not required to make a "specific evidentiary showing" of the likelihood that disclosure would "pose any unique or unusual danger of interference in the individual case that is the subject of the request" (Matter of Adbur-Rashid v New York City Police Dept., 31 NY3d 217, 226 [2018]). Rather, OAG was required only to identify "the generic kinds of documents for which the exemption is claimed, and the generic risks posed by disclosure of these categories of documents" (Lesher, 19 NY3d at 67). In its final determination letter, issued in response to petitioner's administrative appeal, and in the affirmations of two attorneys within its office that were familiar with the investigation, OAG attested that the investigations of the six New York dioceses remained open and that the individual investigations were interrelated. OAG further attested that the dioceses had, in the past, coordinated their response to sexual abuse allegations; that diocese personnel have worked across different dioceses in the state; and that the investigations have overlapping and interconnected facts. These statements provide an adequate articulation of the basis for claiming the exemption (see Matter of Loevy & Loevy v New York City Police Dept., 139 AD3d 598, 599 [1st Dept 2016]).

We have considered plaintiff's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026